
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 2966 | **DATE** | 3/19/2002 |
| **CASE TITLE** | MAROBIE-FL., d/b/a/ GALACTIC vs. NATIONAL ASSOCIATION OF FIRE EQUIP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter corrected memorandum opinion and order: Galactic's motion for a new trial [153-1] is denied. NAFED's motion for attorney's fees is denied but its request for costs is granted. [150-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 21 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 171 |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 02 MAR 19 PM 3:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| MAROBIE-FL., d/b/a GALACTIC SOFTWARE, | ) | |
| Plaintiff, | ) | No. 96 C 2966 |
| v. | ) | Judge Ronald A. Guzman |
| NATIONAL ASSOCIATION OF FIRE EQUIPMENT DISTRIBUTORS, et al. | ) | |
| Defendants. | ) | |

## CORRECTED MEMORANDUM OPINION AND ORDER

Following a jury trial, Plaintiff, Marobie-FL, Inc. d/b/a Galactic Software ("Galactic") filed a motion for a new trial pursuant to F.R.C.P. 59(a). Defendant National Association of Fire Equipment Distributors ("NAFED") filed a motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 68. For the reasons set forth below Galactic's motion for a new trial is denied. NAFED's motion for costs is granted but denied as to attorney's fees.

## BACKGROUND FACTS

Prior to trial summary judgment was granted in favor of Galactic as to NAFED's infringement of Volumes 1-3 of Galactic's clip art. This case then proceeded to trial on the issue of damages only. On July 20, 2001 a jury returned a verdict finding no damages for Galactic resulting from Defendant's infringement of the three copyrighted works. Galactic now seeks a

171

new trail arguing that the jury's verdict is against the manifest weight of the evidence.

## DISCUSSION

### A. GALACTIC'S MOTION FOR A NEW TRIAL.

Under Rule 59(a), "A new trial may be granted as to all or any of the parties on all or any of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which trails have heretofore been granted in actions at law in the courts of the United States." A request for a new trial based on the sufficiency of the evidence is granted only if the verdict is against the manifest weight of the evidence. *Tullis v. Townley Eng'g & Mfg. Co.*, 243 F. 3d 1058, 1062 (7th Cir. 2001). A jury verdict will not be set aside if there exists a reasonable basis in the record to support the verdict. *Id.*

In support of its motion for a new trial Plaintiff argues that during trial Plaintiff presented evidence of the actual damages it suffered as a result of NAFED's copyright infringement. Plaintiffs contend that the great weight of the evidence established the fact that the Defendant's infringement included the copying and distribution of multiple copies of Galactic's infringed works–Firehouse Clip Art Volumes 1,2 and 3 from NAFED's web page from at least June 30, 1995, until the infringing material was removed from the Web Page on or about April 21, 1996. Plaintiff claims that NAFED never presented evidence to dispute that Galactic never had sales or a market for its works, or that aside from volume discounts and occasional "coupon" discounted sales, the average list price for a volume of Galactic's Firehouse Clip Art sold for $55.95. Plaintiff's relying on *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F. 2d 357 (7th Cir. 1985) claim that they are entitled to "value of use" damages. In *Deltak* the court found that: "when

[defendant] reproduced the fifty infringing copies, it was manufacturing assets and thereby damaging [plaintiff] to the extent of the value of the use of the assets in terms of acquisition costs saved by [defendant]." *Id.* at 362. Plaintiff citing *On Davis v. The Gap, Inc.*, 246 F. 3d 152 (2nd Cir. 2001) further argues that actual damages pursuant to § 504(b) of the Copyright Act included the copyright owner's loss of the "fair market value" of the license fees the owner might have obtained for such use.

> *On Davis* sets for the following explanation:
>
> The existence of damages suffered is not an essential element of a claim for copyright infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Ser. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)(to establish a *prima facie* case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original") 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyrights*, § 13.01, at 13-6 (1999).... 17 U.S.C. § 504 imposes two categories of compensatory damages. Taking care to specify that double recovery is not permitted where the two categories overlap, the statute provides for the recovery of both the infringer's profits and the copyright owner's actual damages. It is important that these two categories of compensation have different justifications and are based on different financial data. The award of the infringer's profits examines the facts only from the infringer's point of view. If the infringer has earned a profit, this award makes him disgorge the profit to insure that he not benefit from his wrongdoing. The award of the owner's actual damages looks at the facts from the point of view of the copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal acts. *See generally Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F. 2d 1110, 118 (2d Cir. 1986); *Walker v. Forbes, Inc.*, 28 F. 3d 409, 412 (4th Cir. 1994).

*On Davis* at 158-159.

It is undisputed that Plaintiff's value of the use claim was hotly contested by Defendants. We find as a matter of law that the jury's verdict is supported by the evidence presented at trial. Under *Deltak* and *Davis*, the analysis of the value of the use goes to the value of the distribution of the infringed works and not the highest use for which the Plaintiff might license its products

for the use made by the infringer. *See, Davis* at 166. The evidence adduced at trial was unrebutted that NAFED never charged a fee for its users to download the clip art from its website. Moreover, NAFED presented evidence that the clip art was available for free in an Internet list service chat group and was told by the Internet which posted the list that the clip art was in the public domain. There was further evidence that other web sites were providing the clip art on their web sites. Finally, the download logs that Plaintiff relied heavily upon at trial were limited in nature and only showed that the files containing the clip art was requested. They never established that the clip art files were ever received or viewed by the recipients.

We agree with Defendants that the facts in this case are distinguishable from *Deltak*. In *Deltak*, the defendant was a competitor of plaintiff. The court found that the defendant should be forced to pay for the value of the defendant's use of marketing materials that it deliberately stole and used to compete in the market against he copyright owner and the competitor obtained value through its saved acquisition costs. The court then held that value of use is what a willing buyer would have been reasonably required to pay a willing seller for plaintiff's work. *Deltak* at 362. NAFED was not a competitor of Galactic nor did it receive revenue from its members use of the clipart. In addition, the *Davis* court stressed that even under a value of the use theory, the amount of damages may not be based on "undue speculation." *Davis*, 767 F. 2d at 166. Obviously, the jury found Galactic's alleged damages too speculative and denied them.

Finally, Plaintiff never objected to any of the relevant jury instructions–instructions No.'s 13, 14 or 17. In light of all of the above it cannot be concluded that the jury award was against the manifest weight of the evidence.

## B. NAFED'S MOTION FOR ATTORNEY'S FEES AND COSTS.

NAFED has moved for attorney's fees and costs pursuant to Fed. R. Civ. Proc. 68. NAFED made an offer of judgment to Galactic prior to trial. Galactic rejected this offer. Galactic opposes NAFED's request for attorney's fees and costs arguing that it is the prevailing party for purposes of recovery under the Copyright Act. 17 U.S.C.A. § 505. *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F. 3d 638, 644 explained the rule as follows:

> Rule 68 permits a defendant to serve on a plaintiff "an offer to allow judgment to be taken against the [defendant] for the money or property or to the effect specified in the offer." Fed. R. Civ. P. 68. If the plaintiff does not accept the offer of judgment within ten days and then obtains a judgment against the defendant that is less favorable than the offer, the plaintiff "must pay the costs incurred after the making the offer." *Id.* Thus, the plaintiff is precluded from recovering his costs incurred after the making of the offer. *See Marek v. Chesney*, 473 U.S. 1, 10, 105 S. Ct. 3012, 87 L. Ed. 2d (1985). Rule 68 also requires the plaintiff to pay any costs the defendants incurs after making the offer if the plaintiff's judgment is less favorable than the offer. *See Gavoni v. Dobbs House, Inc.*, 164 F. 3d 1071, 1075 (7th Cir. 1999).

*Id.* at 644.

Section 505 of the Copyright Act defines costs to include attorney's fees but only the prevailing party is entitled to their award. It is undisputed that Galactic is a prevailing party for purposes of liability in this case. However, this Court discussed with Galactic its concerns regarding the alleged damages being speculative and despite these discussions Galactic refused to opt for the fixed statutory damages and refused to accept NAFED's offer of judgment. The jury then came back with an award of $0. While Galactic is a prevailing party on the issue of liability it is undisputed that NAFED prevailed at trial on the issue of damages. In light of such both parties are to bear their own attorney's fees.

## CONCLUSION

For the reasons set forth above Galactic's motion for a new trial is denied (#153-1) NAFED's motion for attorney's fees is denied but its request for costs is granted (#150-1). This case is terminated. This is a final and appealable order.

**SO ORDERED.**  ENTER: 3/19/02

Ronald A. Guzman
United States Judge